

**NUMBER 13-08-00055-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**GENERAL MOTORS ACCEPTANCE
CORPORATION,**                                                                        **Appellant,**

**v.**

**ELOY SEPULVEDA ,**                                                                        **Appellee.**

---

**On appeal from County Court at Law No. 1
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides
Memorandum Opinion by Justice Yañez**

Appellant, General Motors Acceptance Corporation ("GMAC"), appeals a no-answer

default judgment granted in favor of appellee, Eloy Sepulveda.  By four issues, GMAC

contends:  (1) the trial court lacked jurisdiction to render judgment against it because the

attempted service of citation was fatally defective; (2) the trial court abused its discretion

in denying GMAC's motion for new trial because GMAC timely filed an answer under the "mailbox rule";[1] (3) the trial court erred in refusing to consider GMAC's motion-for-new-trial evidence regarding its compliance with the "mailbox rule"; and (4) the evidence is legally and factually insufficient to support the award of actual and punitive damages.  We agree that the trial court was without jurisdiction to render the default judgment.  Therefore, we do not address GMAC's other issues because they are not necessary to the final disposition of the appeal.[2]  We reverse the trial court's judgment and remand for further proceedings.

## Background

On September 19, 2007, Sepulveda sued GMAC for wrongful re-possession of a vehicle.  Service was attempted on GMAC by registered mail.[3]  An unsigned return receipt "green card" attached to the citation is stamped: "September 28, 2007 RECEIVED CT CORPORATION."  GMAC contends it timely filed an answer by depositing it in the mail on October 19, 2007.[4]  On October 22, 2007, the trial court rendered a no-answer default judgment against GMAC.  The trial court awarded Sepulveda $500,000 in actual damages and $500,000 in punitive damages.

On November 13, 2007, GMAC filed a motion for new trial.  The trial court held a

---

[1] *See* TEX. R. CIV. P. 5.

[2] *See* TEX. R. APP. P. 47.1.

[3] *See* TEX. R. CIV. P. 106 (a)(2) (providing for service by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto").

[4] If citation of service had been properly executed on September 28, 2007, GMAC's answer would have been due on October 22, 2007. *See* TEX. R. CIV. P. 99(b). GMAC's answer was file-stamped on October 25, 2007. However, GMAC contends that under the "mailbox rule," its answer was timely filed because it was deposited in the mail prior to the deadline and received within ten days of the deadline. *See id.* at R. 5.

2

hearing on the motion for new trial on December 4, 2007. That same day, the trial court denied GMAC's motion for new trial.

## Standard of Review and Applicable Law

GMAC's claim of a defect in service of process is a challenge to the court's personal jurisdiction over it.[5] Whether the court had personal jurisdiction over GMAC is a question of law.[6]

"Strict compliance with the rules governing service of citation is mandatory if a default judgment is to withstand attack on appeal."[7] Likewise, there are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default judgment.[8] Failure to affirmatively demonstrate strict compliance with the rules of civil procedure renders the attempted service of process invalid and of no effect.[9] An appellant may raise defective service for the first time on appeal.[10]

Under rule 107, when a citation is served by registered or certified mail as authorized under rule 106, the return by the officer or authorized person must contain the

---

[5] *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.–Houston [1st Dist.] 2005, no pet.); *Benefit Planners v. Rencare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.–San Antonio 2002, pet. denied) ("When the attempted service of process is invalid, the trial court acquires no *in personam* jurisdiction over the defendant, and the trial court's judgment is void.").

[6] *Coronado v. Norman*, 111 S.W.3d 838, 841 (Tex. App.–Eastland 2003, pet. denied).

[7] *Ins. Co. v. Lejeune*, 297 S.W.3d 254, 256 (Tex. 2009) (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990); *All Commercial Floors, Inc. v. Barton & Rasor*, 97 S.W.3d 723, 726 (Tex. App.–Fort Worth 2003, no pet.).

[8] *All Commercial Floors,* 97 S.W.3d at 726.

[9] *Wilson*, 800 S.W.2d at 836 (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 886 (Tex. 1985) (per curiam)); *see also Furst,* 176 S.W.3d at 869 (noting that party requesting service has responsibility to ensure that proper service is accomplished and the record reflects proper service).

[10] *All Commercial Floors,* 97 S.W.3d at 725 (citing *Wilson*, 800 S.W.2d at 836-37).

return receipt with the addressee's signature.[11]  In addition, an officer's failure to sign the return of citation renders the return fatally defective and will not support a default judgment on direct attack.[12]  The officer's return at the bottom of the citation must be filled out and completed; a postal return receipt card alone will not support a default judgment.[13]

## Discussion

Here, the stamped—but unsigned—postal return receipt card is attached to the citation.  The return of service form attached to the citation is not filled out or signed; it is completely blank.  Because the record shows on its face that no officer or authorized person executed the return of citation form, service was fatally defective.[14]  We sustain GMAC's first issue.  We need not consider its additional issues.[15]

## Conclusion

We reverse the default judgment and remand this cause for further proceedings.

LINDA REYNA YAÑEZ
Justice

Delivered and filed
the 18th day of March, 2010.

---

[11] †  Ex. R. Civ. P. 107; *All Commercial Floors*, 97 S.W.3d at 726.

[12] *Retail Techs., Inc. v. Palm City T.V., Inc.*, 791 S.W.2d 345, 347 (Tex. App.–Corpus Christi 1990, no writ).

[13] *See* Tex. R. Civ. P. 107; *Sw. Sec. Serv., Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.–El Paso 2005, no pet.); *Laidlaw Waste Sys., Inc. v. Wallace*, 944 S.W.2d 72, 74 (Tex. App.–Waco 1997, writ denied); *see also Houston Precast, Inc. v. McAllen Constr., Inc.*, No. 13-07-135-CV, 2008 Tex. App. LEXIS 7129, at *6 (Tex. App.–Corpus Christi Sept. 25, 2008, no pet.) (mem. op.); *David H. Arrington Oil & Gas, Inc. v. Coalson*, No. 02-07-268-CV, 2008 Tex. App. LEXIS 1931, at *5 (Tex. App.–Fort Worth March 13, 2008, no pet.) (mem. op.) (per curiam).

[14] *See Houston Precast, Inc.,* 2008 Tex. App. LEXIS 7129, at *6-7 (citing *Retail Techs., Inc..*, 791 S.W.2d at 346-47); *Coalson*, 2008 Tex. App. LEXIS 1931, at *5.

[15] *See* Tex. R. App. P. 47.1.

4